# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KANI AMADOU MEITE<br>715 Eggleston Circle<br>Sharon Hill, PA 19079<br><br>   Plaintiff,<br>v.<br><br>SOUTHWEST AIRLINES CO.<br>*d/b/a* SOUTHWEST AIRLINES<br>800 Essington Avenue<br>Philadelphia, PA 19153<br><br>   Defendant. | CIVIL ACTION<br><br>No.:<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Kani Amadou Meite (*hereinafter* referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Southwest Airlines Co. *d/b/a* Southwest Airlines (*hereinafter* "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000(d) *et seq.*), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO").[1] Plaintiff was unlawfully terminated by Defendant, and he suffered damages more fully described/sought herein.

---

[1] Plaintiff's claims under the PHRA and PFPO are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue-letter under Title VII. Plaintiff's PHRA and PFPO claims however will mirror identically his federal claims under Title VII.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein (in part) under Title VII after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address set forth in the caption.

8. Defendant is a major United States airline headquartered in Dallas, Texas, with terminals in several states (including Pennsylvania). Plaintiff was hired through and worked at Defendant's Philadelphia International Airport terminal with an address set forth in the caption.

2

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## **FACTUAL BACKGROUND**

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a black male from Africa (Ivory Coast).

12. Plaintiff was employed by Defendant as a ramp agent from in or about July of 2005 until his unlawful termination (as discussed *infra*) on or about October 2, 2018.

13. While employed with Defendant, Plaintiff was a hard-working employee who performed his job well.

14. Toward the end of his tenure with Defendant, Plaintiff and two black (African) co-workers,[2] Allie Fofana (*hereinafter* "Fofana") and Ope Molley (*hereinafter* "Molley"), were accused of violating Defendant's travel/guest pass policy.

15. For example, Defendant has a rewards program for employees which awards them travel/guest "passes," i.e. the right to "nonrevenue travel" based on employee attendance and work performance.[3]

16. Defendant allowed Plaintiff and other employees to have a certain number of travel/guest passes to use for themselves or for certain classes of relatives and friends.

---

[2] Allie Fofana and Ope Molley are from the African regions of Sierra Leone and Liberia, respectively.

[3] Upon Plaintiff's information and belief, taxes are subtracted from the original recipient's paycheck before the original recipient is able to redeem or transfer the travel/guest passes.

3

17. Defendant has policies applicable to the misuse and/or abuse of employee travel privileges known as the Employee Travel Privilege Policies ("ETPP").

18. Defendant's guest pass policy prohibits the "confirmed sale or confirmed attempted sale of any type of nonrevenue pass."

19. Upon Plaintiff's information and belief, he, Fofana and Molley were targeted because of their race/national origin and Defendant's travel/guest pass policy was selectively enforced against them in a disparate manner.

20. For example, on or about September 26, 2018, Plaintiff was pulled from his ramp duties and informed by Defendant's management that Defendant's corporate representatives and management needed to meet with him immediately to discuss travel/guest passes.

21. Present at the September 26, 2018 meeting were Plaintiff; Defendant's Security Manager, Ann Marie Donalson (Caucasian, *hereinafter* "Donalson"); Senior Manager of Business and Operations Services, Robert Dusseau (Caucasian, *hereinafter* "Dusseau"); Security Investigator, Kayla Rolen (Caucasian, *hereinafter* "Rolen"); Station Manager, Merissa Kapelinski (Caucasian, *hereinafter* "Kapelinski"); and union representative, Emory Marshall (African-American, *hereinafter* "Marshall").

22. During the September 26, 2018 meeting, Donalson informed Plaintiff that Defendant was investigating travel/guest pass abuse and hostilely questioned Plaintiff as to whether he had ever loaned his supervisors or co-workers money and if his supervisors or co-workers had paid him back in travel/guest passes or whether he would consider travel/guest passes as payment for any loans he may provide to supervisors or co-workers.

23. In response to Donalson's aforementioned questions at the September 26, 2018 meeting, Plaintiff informed her that: (1) he did not purchase or sell any travel/guest passes; and (2)

4

any travel/guest passes given to him or his black (African) co-workers were gifts and were not considered payment for any loans.

24. Donalson also asked Plainitff if he knew that co-worker Jim Stewart (Caucasian, *hereinafter* "Stewart") was Plaintiff's "number one supplier" of travel/guest passes and questioned what Stewart "got in return" from Plaintiff. Plaintiff replied that he was not aware that Stewart was his biggest supplier and that Stewart gifted travel/guest passes to Plaintiff because they were friends.

25. After informing Donalson that Stewart had gifted him travel/guest passes because they were friends, Plaintiff advised Donalson to question Stewart as to why he provided Plaintiff with travel/guest passes – to which Donalson replied, "we are talking to you."

26. Upon Plaintiff's information and belief, Stewart, a Caucasian co-worker, was never questioned for allegedly "selling" and/or gifting travel/guest passes to Plaintiff, and Stewart remained employed with Defendant following Plaintiff's termination.

27. At the conclusion of the meeting on September 26, 2018, Donalson provided Plaintiff with a notice stating that his attendance was required at a fact-finding meeting scheduled for October 2, 2018.

28. At the fact-finding meeting on or about October 2, 2018, Kapelinski provided Plaintiff with a memorandum that stated Defendant had concluded that Plaintiff was "involved in the buying and selling of Southwest Airline Guest Passes" and that his employment with Defendant was "terminated effective immediately." Defendant's management immediately escorted Plaintiff to retrieve his belongings and to leave Defendant's premises.

29. Plaintiff believes and therefore avers that Defendant's purported reason for terminating him – that he was involved in the buying and selling of Defendant's travel/guest passes

– is completely pretextual because (1) Plaintiff was a hard-working employee who performed his job well; (2) Plaintiff never bought or sold Defendant's travel/guest passes; (3) while Plaintiff contests buying or selling travel/guest passes, Defendant's ETPP prohibits **only** the selling or attempted selling of guest passes; (4) Plaintiff and other African employees were treated disparately because of race/national origin (as discussed *supra*); (5) upon Plaintiff's information and belief, Plaintiff's African co-workers, Fofana and Molley, were terminated for allegedly having committed the same or similar conduct for which Plaintiff was alleged to have committed and for which he was terminated, and (6) other Caucasian employees who have committed the same or similar conduct, for which Plaintiff was alleged to have committed and for which he was terminated, have not been questioned, disciplined, suspended, or terminated.

30. Plaintiff believes and therefore avers that he was terminated because of his race/national origin.

### COUNT I
### Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")
### (Race/National Origin Discrimination)

31. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32. During Plaintiff's employment with Defendant, he was subjected to discrimination and disparate treatment with regard to Defendant's policies and termination because of his race/national origin.

33. Plaintiff was abruptly terminated on or about October 2, 2018, for pretextual reasons.

34. Plaintiff believes and therefore avers that he was terminated because of his race/national origin.

35. These actions as aforesaid constitute violations of Title VII.

## COUNT II
### Violation of 42 U.S.C. Section 1981
### (Racial Discrimination)

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. During Plaintiff's employment with Defendant, he was subjected to discrimination and disparate treatment with regard to Defendant's policies and termination because of his race.

38. Plaintiff was abruptly terminated on or about October 2, 2018, for pretextual reasons.

39. Plaintiff believes and therefore avers that he was terminated because of his race.

40. These actions as aforesaid constitute unlawful discrimination under Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.    Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E.    Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: April 12, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Kani Amadou Meite : CIVIL ACTION

v.

Southwest Airlines Co. d/b/a Southwest Airlines : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 4/12/2019 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 715 Eggleston Circle, Sharon Hill, PA 19079

Address of Defendant: 800 Essington Avenue, Philadelphia, PA 19153

Place of Accident, Incident or Transaction: Defendant's place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes [ ] No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes [ ] No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes [ ] No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes [ ] No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/12/2019 _____ ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

**A.** *Federal Question Cases:*

1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf , counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 4/12/2019 _____ ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MEITE, KANI AMADOU

**(b)** County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
SOUTHWEST AIRLINES CO. d/b/a SOUTHWEST AIRLINES

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1 U.S. Government Plaintiff
- X 3 Federal Question *(U.S. Government Not a Party)*
- 2 U.S. Government Defendant
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- X 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- X 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); Section 1981 (42USC1981)
Brief description of cause:
Violations of Title VII, Section 1981, Pennsylvania Human Relations Act and the Philadelphia Fair Practices Ordinance.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: X Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 4/12/2019
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

[Print]  [Save As...]  [Reset]